United States District Court
Southern District of Texas
**ENTERED**
September 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEVE BATTLES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00056 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Steve Battles is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the Eastham Unit in Lovelady, Texas. Proceeding *pro se*, Battles filed a 28 U.S.C. § 2254 habeas corpus petition on August 24, 2020. (D.E. 1, 2). Battles contends that he received ineffective assistance of counsel in his underlying state criminal proceedings. For the reasons discussed further below, it is recommended that Battles's petition be dismissed without prejudice prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is second or successive.

## I. DISCUSSION

### a. Second or Successive

In his petition, Battles contends that he received ineffective assistance of counsel because his trial counsel failed to communicate a plea bargain to him. (D.E. 1 at 6). Battles has also filed a "Motion to Stay" in which, liberally construed, he challenges the

---

[1] A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

results of his prior § 2254 petitions, asserting that he raised this claim in his original § 2254 petition, but it was not considered, and that his later petition accordingly should not have been dismissed as second or successive. (D.E. 2 at 1-11).

In 2015, Battles filed his first § 2254 petition in case number 6:15-cv-00041, which was denied on the merits. In 2019, he filed a second § 2254 petition in case number 6:19-cv-00017, which was dismissed without prejudice as second or successive. In that petition, Battles asserted, among other claims, that counsel was ineffective for failing to communicate a plea bargain to him. (Case No. 6:19-cv-00017, D.E. 1 at 7). The Court transferred Battles's petition to the Fifth Circuit for a determination of whether Battles was authorized to file a second or successive petition. (*Id.*, D.E. 7 at 1). The Fifth Circuit denied authorization. (*Id.*, D.E. 8 at 1-2).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, Battles's § 2254 petition is second or successive. Battles raised the same claim in his 2019 petition that was dismissed as second or successive and transferred to

the Fifth Circuit. The Fifth Circuit denied authorization to raise the claim in a second or successive petition. Moreover, as to the arguments in the motion to stay, a new § 2254 petition is not a vehicle to appeal the results of previous § 2254 proceedings. *See, e.g., Patterson v. Vannoy*, 689 F. App'x 360, 361 (5th Cir. 2017) (stating that a motion challenging the district court's merits-based resolution of prior § 2254 claims should be construed as a successive § 2254 petition).

This Court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Battles should be allowed to file the successive motion in the district court. *See* 28 U.S.C. § 2244(b)(3)(A).[2] *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions). Because the Fifth Circuit has already denied authorization to file a second or successive § 2254 petition including this claim, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that Battles's habeas

[2] Battles would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

petition be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

**b. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Battles has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Battles's claims are second or successive and that this Court lacks jurisdiction to hear them, it is recommended that a COA be denied.

## II. RECOMMENDATION

Accordingly, it is recommended that Battles's § 2254 petition (D.E. 1) be DISMISSED without prejudice pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits that the petition is second or successive. It is further recommended that a COA be denied and that his motion to stay (D.E. 2) be denied as moot.

Respectfully submitted this 17th day of September, 2020.

Julie K. Hampton
United States Magistrate Judge