United States District Court
Southern District of Texas

**ENTERED**

September 29, 2021

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **STEVE BATTLES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:20-cv-00056** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER
ACCEPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the Amended Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton on September 23, 2020.[1]  (Dkt. No. 7).  In the M&R, Magistrate Judge Hampton *sua sponte* recommends dismissal of Petitioner Steve Battles's Petition for Writ of Habeas Corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically 28 U.S.C. § 2254, because Battles has not received permission to file a second or successive petition.[2]

Battles received proper notice and the opportunity to object to the proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); General Order No. 2002-13.  He filed timely objections, (Dkt. No. 11), as well as supplemental briefing.  (Dkt. No. 12); (Dkt. No. 13).  As a result, the Court "shall make a *de novo*

---

[1]    Magistrate Judge Hampton originally filed a Memorandum and Recommendation on September 17, 2020.  (Dkt. No. 6).  The Amended M&R supersedes the original recommendation.

[2]    Judge Hampton also recommends that the Court deny a Certificate of Appealability and deny Battles's Motion to Stay, (Dkt. No. 2), as moot.  (Dkt. No. 7 at 5).

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a *de novo* review of the M&R, the objections and supplemental briefing, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R as this Court's Memorandum Opinion and Order. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Battles's Petition, **DENIES WITHOUT PREJUDICE** Battles's Motion to Stay, and **DENIES** a Certificate of Appealability.

## I.     LEGAL STANDARDS

### A.     REVIEW OF A MAGISTRATE JUDGE'S FINDINGS

When objections are filed to part of a magistrate judge's recommendation, a district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Relevant here, "[a] document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation omitted).

### B.     AEDPA

Section 2254 explains that a federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2254(a). A person in custody must first obtain an order from the court of appeals "authorizing the district court to consider" a "second or successive" petition. 28 U.S.C. § 2244(b)(3)(A); *see also Banister v. Davis*, ___ U.S. ___, ___, 140 S.Ct. 1698, 1704, 207 L.Ed.2d 58 (2020). A "second or successive" habeas petition includes a petition that "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition[.]" *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009); *accord In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019). Without first obtaining permission from the court of appeals, a second or successive habeas petition filed in a district court should "be immediately dismissed for lack of jurisdiction." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam); *accord In re Sharp*, 969 F.3d 527, 528 (5th Cir. 2020) (per curiam). Other motions filed in such a case should also be dismissed without prejudice because Section 2244 "removes jurisdiction" from a district court until the court of appeals has given permission to file a second or successive habeas petition. *See Key*, 205 F.3d at 774. Moreover, a court may *sua sponte* consider whether a Section 2254 petition is second or successive. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## II.    REVIEW OF THE OBJECTIONS

In his Petition, Battles raises a single ground for habeas relief: ineffective assistance of counsel for failure to communicate a plea bargain offer. (Dkt. No. 1 at 6). Battles also filed a Motion to Stay, in which he claims that the court never issued a ruling on the ineffective assistance of counsel claim that he raised in his original Section 2254 petition. (Dkt. No. 2 at 2, 4–5, 9).

Magistrate Judge Hampton recommends that the Court dismiss Battles's Petition without prejudice and prior to service because the Petition is a second or successive petition and there is no authorization to file from the Fifth Circuit. (Dkt. No. 7 at 1–4). She further recommends that the Court deny Battles's Motion to Stay because a new Section 2254 petition is not the vehicle to challenge a previous Section 2254 ruling. (*Id.* at 3). Finally, Magistrate Judge Hampton recommends that the Court deny a certificate of appealability. (*Id.* at 4–5). Battles objects, once again arguing that this is not a second or successive petition because a federal court has not ruled on his previously raised ineffective assistance of counsel claim.[3] (Dkt. No. 11 at 1, 3). His supplemental briefing largely reiterates the same argument. (Dkt. No. 12); (Dkt. No. 13).

## III.   DISCUSSION

### A.   SECOND OR SUCCESSIVE PETITION

This is not Battles's first habeas petition under Section 2254. In 2016, a U.S. magistrate judge in the Southern District of Texas recommended that the district court deny Battles's Section 2254 petition. *Battles v. Stephens*, No. 6:15-cv-00041, 2016 WL 1357912 (S.D. Tex. Jan. 27, 2016). The magistrate judge analyzed five issues raised by Battles: (1) his conviction by a jury of only eleven people; (2) the failure of the prosecution

---

[3]     Battles also appears to raise arguments that go to Section 2244(b)(2) — a claim "that was *not* presented in a prior application." *See, e.g.*, (Dkt. No. 11 at 5) (arguing the Court can consider his claim because "the state waived exhaustion"); (Dkt. No. 12 at 4) (proposing that the Court allow Battles to return to state court to exhaust his claim). But, as the Court explains, Battles is raising a claim that *was* presented in a prior application. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Thus, the second or successive Section 2254 petition must be dismissed. Either way, Battles has not obtained authorization from the Fifth Circuit for this Court to consider his second or successive application.

to turn over exculpatory evidence under *Brady v. Maryland*;[4] (3) double jeopardy; (4) an evidentiary ruling by the state-court trial judge; and (5) vindictive prosecution.  *Id.* at *1–2.  The magistrate judge recommended that the Court grant the respondent's motion for summary judgment and dismiss the habeas petition.  *Id.* at *3.  In a separate recommendation issued the same day, the magistrate judge recommended that Battles's motion to amend—wherein Battles proposed an ineffective assistance of counsel claim regarding his plea bargain—be denied as futile.  *Battles v. Stephens*, No. 6:15-cv-00041 (S.D. Tex. Jan. 27, 2016), ECF No. 27.  Less than three months later, Judge Lynn N. Hughes adopted both recommendations and dismissed the habeas petition.  *Battles v. Stephens*, No. 6:15-cv-00041, 2016 WL 1367296 (S.D. Tex. Apr. 5, 2016).  Battles sought a certificate of appealability before the Fifth Circuit.  *Battles v. Davis*, No. 16-40607, 2017 WL 3222994 (5th Cir. June 19, 2017) (Jones, J.).  Notably, the Fifth Circuit explicitly acknowledged Battles's argument "that the district court erroneously denied him leave to amend his complaint to allege that counsel provided ineffective assistance during the plea process." *Id.* at *1.  Nonetheless, the Fifth Circuit denied Battles's request for a certificate of appealability because he did not make the necessary showing.  *Id.*  The Supreme Court thereafter denied Battles's petition for writ of certiorari.  *Battles v. Davis*, ____ U.S. ____, 138 S.Ct. 679, 199 L.Ed.2d 562 (2018) (mem.).

Less than two years later, Battles filed a second Section 2254 habeas petition challenging the same conviction.  On March 21, 2019, Judge Kenneth M. Hoyt dismissed

---

[4]     *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

this second petition for lack of jurisdiction because there was no indication that the Fifth

Circuit authorized a second or successive petition. *Battles v. Davis*, No. 6:19-cv-0017 (S.D.

Tex. Mar. 21, 2019), ECF No. 3. Battles filed a motion for authorization to file a second or

successive petition before the Fifth Circuit. *In re Battles*, No. 19-40403 (5th Cir. July 29,

2019) (per curiam). The Fifth Circuit acknowledged Battles's argument that his "counsel

failed to communicate a favorable plea offer" but found that "the factual predicate and

legal authorities that Battles [cited] in support of his ineffective assistance" claim were

"known by or available to him at the time that he filed his initial § 2254 application." *Id.*

Thus, the Fifth Circuit denied Battles's motion. *Id.* Yet over a year later, on August 31,

2020, Battles filed this Section 2254 habeas petition—his third. (Dkt. No. 1).

Battles's habeas petition must be dismissed because it is successive, and he has not

obtained a certificate of appealability. Battles once again raises the same argument from

his other Section 2254 habeas proceedings: ineffective assistance of counsel.[5] But this

ineffective assistance of counsel claim was or could have been raised during his first

Section 2254 application, which makes this application successive. *In re Flowers*, 595 F.3d

204, 205 (5th Cir. 2009) (per curiam). Indeed, Judge Hoyt made this same observation

after Battles filed a second habeas petition. *Battles v. Davis*, No. 6:19-cv-0017 (S.D. Tex.

Mar. 21, 2019), ECF No. 3. Because Battles's habeas petition is successive, he must obtain

authorization from the Fifth Circuit before this Court can consider the petition. 28 U.S.C.

---

[5]     Battles concedes that he has previously raised this argument: "The claim was presented
in a prior application within the means of 2244(b)(1)." (Dkt. No. 2 at 5). Section 2244(b)(1)
provides in full: "A claim presented in a second or successive habeas corpus application under
section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

§ 2244(b)(3)(A).  There is nothing in the record indicating that he obtained authorization.

To the contrary, the Fifth Circuit previously denied Battles's certificate of appealability

and his motion to file a second or successive petition when Battles raised the same claim.

Battles argues that the district court never issued a ruling on his ineffective

assistance of counsel claim in his first Section 2254 petition.   Despite Battles's

representations, the district court adopted the recommendation to deny leave to amend

to assert this claim as futile, and the Fifth Circuit rejected Battles's argument that the

district court erred in doing so.  But even if Battles is correct, this Court would still lack

jurisdiction over any second or successive habeas petition.  Thus, the Court must dismiss

Battles's habeas petition.[6]  And because the Court lacks jurisdiction, the Court must deny

Battles's Motion to Stay.  *See Key*, 205 F.3d at 774.

### B.   CERTIFICATE OF APPEALABILITY

Magistrate Judge Hampton recommends that the Court *sua sponte* deny a

certificate of appealability because reasonable jurists would not find it debatable that

Battles has filed a second or successive petition without authorization.  (Dkt. No. 7 at 4–

5).  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may

---

[6]    "If a petitioner files a 'second or successive' petition in the district court without first obtaining authorization from the court of appeals, the district court *may* transfer the petition to the court of appeals via 28 U.S.C. § 1631 because the district court lacks jurisdiction over the petition."  *Storey v. Lumpkin*, 8 F.4th 382, 390 (5th Cir. 2021) (citing *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012)) (emphasis added); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed[.]" (emphasis added)).  Magistrate Judge Hampton recommends dismissing the case without transferring because it "would be more efficient and better serve the interests of justice."  (Dkt. No. 7 at 3).  The Court agrees.  The Fifth Circuit previously denied authorization.

not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).   A federal district court may *sua sponte* consider whether a petitioner is entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that [1] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis and numeration added).  The Court finds that jurists of reason would not find it debatable whether Battles filed a second or successive petition without authorization from the Fifth Circuit.   Moreover, jurists of reason would not find it debatable whether the petition states a valid claim.  The Fifth Circuit has twice rejected Battles's arguments related to ineffective assistance of counsel.   Thus, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Battles's petition under 28

U.S.C. § 2254.  Further, the Court **DENIES WITHOUT PREJUDICE** the Motion to Stay.

Finally, the Court **DENIES** a Certificate of Appealability.

It is SO ORDERED.

Signed on September 29, 2021.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**